Kiely Keane
Brett P. Clark
CROWLEY FLECK PLLP
900 N. Last Chance Gulch, Suite 200
P.O. Box 797
Helena, MT 59624-0797
Telephone: (406) 449-4165
kkeane@crowleyfleck.com
bclark@crowleyfleck.com

Charles K. Smith
CROWLEY FLECK PLLP
Thornton Building
65 East Broadway, Suite 400
Butte, MT 59701
Telephone: (406) 457-2057
cksmith@crowleyfleck.com

Attorneys for Peak Medical Montana Operations, LLC, d/b/a Butte Center

IN THE UNITED STATES DISTRICT COURT
FOR THE DIVISION OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| GINA JAEGER, individually, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HER SISTER CHARLENE HILL,<br><br>Plaintiff,<br><br>vs.<br><br>GENESIS HEALTHCARE, INC., d/b/a THE BUTTE CENTER, JOHN DOE LLC's 1-10; JOHN DOE, INC.'S 1-10,<br><br>Defendants. | Cause No. CV-16-30-BU-SEH<br><br>**PEAK MEDICAL MONTANA OPERATIONS, LLC D/B/A BUTTE CENTER'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant Peak Medical Montana Operations, LLC, d/b/a Butte Center (hereinafter "PMMO"), incorrectly captioned as Genesis Healthcare, Inc., d/b/a the Butte Center, hereby removes the above-captioned action from the Montana Second Judicial District Court, Silver Bow County, to the United States District Court for the District of Montana, Butte Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As explained in further detail herein, the assumed name "Butte Center" is registered to PMMO with the Montana Secretary of State, not Genesis Healthcare, Inc.

## I. DESCRIPTION OF ACTION AND PROCEDURAL BACKGROUND.

1. On or about April 25, 2016, Plaintiff Gina Jaeger ("Plaintiff") commenced this action by filing a Complaint/Demand for Jury Trial ("Complaint") in the Montana Second Judicial District, Silver Bow County.

2. Plaintiff served William Powell, Director of the skilled nursing facility known as the Butte Center, with the Summons and Complaint. Ex. A. In the Complaint, Plaintiff asserts the following causes of action: (1) Direct Corporate Liability; (2) Vicarious Corporate Liability; (3) Liability of the Butte Center; (4) [Untitled]; and (5) Constructive Fraud. The Complaint also includes allegations of negligence, though none of her counts are labeled negligence.

3. PMMO has filed an Answer to the Complaint (Ex. B) and a Motion for Substitution with proposed order (Ex. C).

4. Plaintiff Gina Jaeger is the sister and Personal Representative of the Estate of Charlene Hill (hereinafter "the Estate"), who was a patient at the Butte Center. Plaintiff's claims relate to care provided to Ms. Hill during her time at the Butte Center.

5. PMMO is a limited liability company organized under the laws of the State of Delaware. Ex. D, Delaware Division of Corporations Entity Details for Peak Medical Montana Operations, LLC. Its sole member is Peak Medical, LLC, a Delaware limited liability company. Ex. E, Limited Liability Company Operating Agreement of Peak Medical Montana Operations, LLC (Feb. 2, 2015).

6. "Butte Center" is an assumed name registered with the Montana Secretary of State for PMMO, not Genesis Healthcare, Inc., as Plaintiff's caption indicates. Ex. F, Montana Secretary of State, Principal Information for "Butte Center."

7. Genesis Healthcare, Inc., is incorporated in the State of Delaware. Ex. G, Delaware Division of Corporations Entity Details for Genesis Healthcare, Inc. Its principal place of business is located in the State of California. Plaintiff has not served Genesis Healthcare, Inc., with process. Counsel for PMMO has verified that Plaintiff only obtained one summons from the Silver Bow County Clerk of Court, which was served on PMMO.

## II. PMMO HAS MET THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446.

8. PMMO was served with Plaintiff's Complaint by process server on May 12, 2016. Accordingly, this Notice of Removal is being timely filed within 30 days of service of PMMO and within one year of the commencement of this action in Montana state court. *See* 28 U.S.C. § 1446(b).

9. The Montana Second Judicial District Court, Silver Bow County, is located within the District of Montana, Butte Division. Venue in the Butte Division is proper under 28 U.S.C. § 106, 28 U.S.C. § 1441(a), L.R. 3.2, and Mont. Code Ann. § 25-2-122(2).

10. Counsel for PMMO verified on June 10, 2016, that the documents attached are the only documents that have been filed in the Montana Second Judicial District Court for this action. Thus, in accordance with 28 U.S.C. § 1446(a), all pleadings or orders that have been served on PMMO are included in the exhibits.

11. Pursuant to 28 U.S.C. § 1446(d) and L.R. 3.2(a), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of Court for the Montana Second Judicial District Court, Silver Bow County.

12. This court has original jurisdiction over Plaintiff's action under 28 U.S.C. § 1332(a).

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

13. Subject matter jurisdiction under 28 U.S.C. § 1332(a) involves two requirements: diversity of citizenship and an amount in controversy exceeding $75,000.

14. Diversity of citizenship exists in this case. The Estate is informally probated in the Montana Third Judicial District Court, Deer Lodge County. *See* Ex. H, Letters of Appointment, *In re Estate of Charlene Hill*, Probate No. DP-2015-36 (Dec. 9, 2015). Ms. Hill had been a resident of the City of Anaconda, Deer Lodge County, Montana. Personal Representative of the Estate, Gina Jaeger, resides at 812 W. Spring, Lewistown, Fergus County, Montana. *Id.* at 1. Both the Estate and Ms. Jaeger are therefore domiciled in the State of Montana for diversity jurisdiction purposes.

15. PMMO is a Delaware limited liability company. Its sole member is Peak Medical, LLC, a limited liability company organized in the State of Delaware. For the purpose of determining the domicile of a limited liability company, the Ninth Circuit Court of Appeals has held, "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). PMMO is therefore a citizen of the State of Delaware.

5

16. Accordingly, this action is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

17. The amount in controversy requirement is also met in this case. Plaintiff's Complaint does not contain a claim for a specific amount of damages. Generally, "the amount stated in the complaint will determine the amount in controversy" for jurisdiction under 28 U.S.C. § 1332(a). *Rollwitz v. Burlington N. R.R.*, 507 F. Supp. 582, 585 (D. Mont. 1981). However, where a plaintiff "has not stated a claim for a specific amount of damages," the amount in controversy can be established "from some sort of 'other paper.'" *Birkenbuel v. M.C.C. Constr. Corp.*, 962 F. Supp. 1305, 130 (D. Mont. 1997). Accordingly, the "amount-in-controversy inquiry in the removal context is not confined to the face of the complaint," but rather, also includes "facts presented in the removal petition as well as any summary judgment-type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quotation marks and citations omitted); *see also Rollwitz*, 507 F. Supp. at 585 (stating that federal courts have, among other things, looked to the petition of removal or "made an independent appraisal of the monetary value of the claim or suggested the defendant was free to do so" when the complaint did not specify an amount of damages).

18. "Where the plaintiff does not demand a specific amount of damages, the burden is on the removing defendant to show by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Birkenbuel*, 962 F. Supp. at 1306. Thus, the defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The amount in controversy more likely than not exceeds $75,000 in this case.

19. Plaintiff seeks damages stemming from the death of Charlene Hill. She seeks "[c]ompensation for all damages allowed under Montana law for wrongful death and survivorship claims," as well as "punitive damages as determined by the jury" and "Plaintiff's costs of suit." Complaint, Relief Requested, at p. 7 (emphasis added). Montana has a statutory cap of $250,000 for noneconomic damages in medical malpractice actions. Mont. Code Ann. § 25-9-411. Plaintiff's claim for "all damages allowed under Montana law" implies an intention to seek at least $75,000, together with punitive damages.

20. Accordingly, Plaintiff's lawsuit meets the jurisdictional requirements of 28 U.S.C. § 1332(a) because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy is over $75,000.

WHEREFORE, PMMO respectfully removes this action from the Montana Second Judicial District Court, Silver Bow County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated June 10, 2016.

                        CROWLEY FLECK PLLP

                        /s/ Brett P. Clark
                            Kiely Keane
                            Brett P. Clark
                            Charles K. Smith
                            *Attorneys for Peak Medical Montana Operations, LLC*