Kiely Keane
Brett P. Clark
CROWLEY FLECK PLLP
900 N. Last Chance Gulch, Suite 200
P.O. Box 797
Helena, MT 59624-0797
Telephone:  (406) 449-4165
kkeane@crowleyfleck.com
bclark@crowleyfleck.com

Charles K. Smith
CROWLEY FLECK PLLP
Thornton Building
65 East Broadway, Suite 400
Butte, MT  59701
Telephone:  (406) 457-2057
cksmith@crowleyfleck.com

Attorneys for Genesis HealthCare, Inc.


IN THE UNITED STATES DISTRICT COURT
FOR THE DIVISION OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| GINA JAEGER, individually, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HER SISTER CHARLENE HILL, )<br>)<br>)<br>)<br>) | Cause No. CV-16-30-BU-SEH |
| Plaintiff, )<br>) | **BRIEF IN SUPPORT OF GENESIS HEALTHCARE , INC.'S MOTION TO DISMISS WITH PREJUDICE** |
| vs. ) | |
| )<br>GENESIS HEALTHCARE, INC., d/b/a )<br>THE BUTTE CENTER, JOHN DOE )<br>LLC's 1-10; JOHN DOE, INC.'S 1-10, )<br>)<br>Defendants. ) | |

_____

Genesis Healthcare, Inc. ("Genesis") files this brief in support of its Motion to Dismiss with Prejudice.  Plaintiff's claims against Genesis should be dismissed for: (1) failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)); (2) lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)); (3) insufficient process (Fed. R. Civ. P. 12(b)(4)); and (4) insufficient service of process (Fed. R. Civ. P. 12(b)(5)).  For the reasons set forth below, Genesis respectfully requests the Court dismiss Plaintiff's claims against Genesis with prejudice.

## BACKGROUND

On April 21, 2016, Plaintiff filed a Complaint in the Montana Second Judicial District Court, Silver Bow County, against Genesis Healthcare, Inc., d/b/a the Butte Center.  Plaintiff served the Director of the Butte Center, which is owned by Peak Medical Montana Operations, LLC, d/b/a Butte Center ("Peak").  Ex. A, ¶ 2, Ex. 1 attached thereto, April 25, 2016 Summons.  On June 2, 2016, Peak filed an Answer.  In the Answer, Peak denied Plaintiff's allegations and explained the Butte Center is not an assumed name of Genesis.  Answer at 5, ¶ 18.  Butte Center is an assumed name of Peak.  Ex. A, ¶ 2, Ex. 2 attached thereto, Montana Secretary of State, Principal Information for "Butte Center."

Genesis is a Delaware Corporation with its principal place of business in California.  *Id*. at ¶ 4, Ex. 6 attached thereto, Delaware Secretary of State, Entity

Details for Genesis.  Peak is a Delaware limited liability company authorized to do

business in Montana.[1]  *Id*. at ¶ 2, Ex. 3 attached thereto, Delaware Secretary of

State, Entity Details for Peak; *see also* Ex. 4 attached thereto, Montana Secretary

of State, Entity Details for Peak.  Peak, not Genesis, operates the Butte Center, a

skilled nursing facility located in Butte, Montana.  *Id.* at ¶ 2, Ex. 2 attached thereto,

Montana Secretary of State, Principal Information for "Butte Center."

Peak is an indirect subsidiary of Genesis.  Ex. A, ¶ 5.  Genesis is not

incorporated in Montana, nor does it have a physical presence in Montana.  *Id.* at

¶ 4.  Genesis does not do business as Peak or as the Butte Center.  *Id.* at ¶ 5.

Despite the fact that Peak, not Genesis, is the entity doing business as Butte Center,

Plaintiff mailed to Genesis a Summons and Complaint incorrectly naming

"Genesis Healthcare, Inc., d/b/a The Butte Center" as a Defendant on June 6, 2016.

*See* Ex. A, ¶ 3, Ex. 5 attached thereto, June 6, 2016 Summons to "Genesis

Healthcare, Inc., d/b/a The Butte Center."

## ARGUMENT

**I.    PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS PARENT CORPORATIONS ARE NOT LIABLE FOR THE ACTS OF SUBSIDIARIES.**

Plaintiff's claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as

she has failed to state a claim upon which relief can be granted.  Peak is an indirect

---

[1] Peak changed its business structure from being a corporation to a limited liability company in 2015.

subsidiary of Genesis.  As a parent corporation, Genesis is not liable for the acts of its subsidiary as a matter of law.

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when there is "either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1121–22 (9th Cir.2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990)).  To avoid dismissal, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)(quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  A pleader must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*, 550 U.S. at 555, 127 S. Ct. at 1965, 167 L. Ed. 2d.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.  As a general rule, well-pled factual allegations are viewed in the light most favorable to the non-moving party.  *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004).  A court should not, however, consider factual allegations "outside" the complaint.  *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Currently Plaintiff's allegation against Genesis in her Complaint is that

Genesis as a parent corporation is liable for the alleged negligence of Butte Center

employees.  Compl., Counts 1-2.  However, it is well established that a parent

corporation is not liable for the actions of its subsidiary.  *See United States v.*

*Bennett,* 621 F.3d 1131, 1137 (9th Cir.2010); *see also Guschausky v. Am. Family*

*Life Assur. Co. of Columbus*, No. CV 10-59-H-DWM, 2011 WL 1897183, at *2

(D. Mont. May 10, 2011).  Indeed, the United States Supreme Court has stated,

"[i]t is a general principle of corporate law deeply 'ingrained in our economic and

legal systems' that a parent corporation (so-called because of control through

ownership of another corporation's stock) is not liable for the acts of its

subsidiaries."  *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S. Ct. 1876, 1884,

141 L. Ed. 2d 43 (1998) (quoting Douglas & Shanks, Insulation from Liability

Through Subsidiary Corporations, 39 Yale L.J. 193 (1929)).  "Limited liability is

the rule not the exception."  *Anderson v. Abbott*, 321 U.S. 349, 362, 64 S. Ct. 531,

537, 88 L. Ed. 793 (1944).

Genesis, as a matter of law, is not liable as a parent corporation for the acts

of its subsidiary Peak.  Plaintiff has failed to plead sufficient facts to suggest

Genesis is somehow independently liable.  Plaintiff's motion should be dismissed

for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     PLAINTIFF'S CLAIM AGAINST GENESIS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

The Court has no personal jurisdiction over Genesis.  This claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Picot v. Weston,* 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman,* ——U.S. ——, 134 S.Ct. 746, 753, 187 L.Ed.2d 624 (2014)).  The Montana Supreme Court, in *Milky Whey, Inc. v. Dairy Partners, LLC*, 2015 MT 18, ¶ 18, 378 Mont. 75, 342 P.3d 13, outlined a two-step test for Montana courts to employ when considering whether a court has personal jurisdiction over a defendant:

> We first determine whether personal jurisdiction exists under M. R. Civ. P. 4(b)(1). Personal jurisdiction may exist under Rule 4(b)(1) in one of two ways: a party may be found within the state of Montana and subject to general jurisdiction, or the claim for relief may arise from any of the acts listed in Rule 4(b)(1)(A-G) and create specific jurisdiction for the purpose of litigating that particular claim. If personal jurisdiction exists under the first step of the test, we then determine whether the exercise of personal jurisdiction conforms with the traditional notions of fair play and substantial justice embodied in the due process clause. If personal jurisdiction does not exist under the first part of the test, further analysis under the second part of the test is unnecessary.

*Id.* (citations and internal quotation marks omitted).  Montana Rule of Civil Procedure 4(b)(1) states:

6

**(b) Jurisdiction of Persons.**
(1) *Subject to Jurisdiction.* All persons found within the state of Montana are subject to the jurisdiction of Montana courts. Additionally, any person is subject to the jurisdiction of Montana courts as to any claim for relief arising from the doing personally, or through an employee or agent, of any of the following acts:

> (A) the transaction of any business within Montana;
> (B) the commission of any act resulting in accrual within Montana of a tort action;
> (C) the ownership, use, or possession of any property, or of any interest therein, situated within Montana;
> (D) contracting to insure any person, property, or risk located within Montana at the time of contracting;
> (E) entering into a contract for services to be rendered or for materials to be furnished in Montana by such person;
> (F) acting as director, manager, trustee, or other officer of a corporation organized under the laws of, or having its principal place of business within, Montana; or
> (G) acting as personal representative of any estate within Montana.

None of the provisions of Rule 4(b)(1) apply here.   Genesis is a Delaware Corporation with its principal place of business in California.  Ex. A, ¶ 4, Ex. 6, Delaware Secretary of State, Entity Details for Genesis.  Genesis has no physical presence in Montana.  Ex. A, ¶ 4.  Specifically, Genesis is not registered with the Montana Secretary of State to conduct business in Montana; it does not have an office or other facilities in Montana; it does not have a telephone listing in Montana; it does not have employees in Montana; and it does not own real estate in Montana.  *Id.* at ¶ 6; *see also Bedrejo v. Triple E Canada, Ltd.*, 1999 MT 200, ¶¶ 11-12, 295 Mont. 430, 984 P.2d 739 (stating these are "significant" factors for determining whether general jurisdiction exists).

As personal jurisdiction does not exist under the first step of the Montana

Supreme Court's test as set forth in *Milky Whey*, further analysis under the second

part of the test is unnecessary.  *Id.*, ¶ 18.  The Court lacks personal jurisdiction

over Genesis.

## III.    PLAINTIFF'S CLAIM AGAINST GENESIS SHOULD BE DISMISSED FOR INSUFFICIENT PROCESS AND SERVICE OF PROCESS.

Plaintiff never properly served Genesis with a summons and/or complaint in

this matter.  Federal Rules of Civil Procedure 12(b)(4) allows a defendant to move

for dismissal for insufficient process.  Rule 12(b)(5) "allows a defendant to move

to dismiss the action where the service of process of a summons and complaint is

insufficient."  *Zamora v. I.R.S.*, 15 F.3d 1095 (9th Cir. 1993) (citing Fed. R. Civ. P.

12(b)(5)).  A summons must "name the court and the parties" and must "be

**directed to the defendant**."  Fed. R. Civ. P. 4(a)(1)(A)-(B).  Pursuant to Fed. R.

Civ. P. 4(h), a plaintiff must serve a corporation by delivering a copy of the

summons of the complaint to an "officer, a managing or general agent, or any other

agent authorized by appointment or by law to receive service of process."  Fed. R.

Civ. P. 4(h)(1)(B).

On June 6, 2016, Plaintiff served a summons and complaint on Genesis

Healthcare, Inc. which names "Genesis Healthcare, Inc., **d/b/a the Butte Center**"

as a Defendant.  *See* Ex. A, ¶ 3, Ex. 5 attached thereto, June 6, 2016 Summons to

"Genesis Healthcare, Inc., d/b/a The Butte Center" (emphasis added).  However, it is not Genesis that does business as the Butte Center.  It is Peak.  Plaintiff has identified the wrong entity and not correctly directed her summons to Genesis in violation of Fed. R. Civ. P. 4(a).

Further, Plaintiff has mailed the service documents to the wrong entity.  She sent the summons and complaint to Corporation Service Company at 26 West Sixth Avenue in Helena, Montana 59601.  *See* Ex. A, ¶ 3, Ex. 5 attached thereto, June 6, 2016 Summons to "Genesis Healthcare, Inc., d/b/a The Butte Center." Genesis does not have a business address in Montana as it is not incorporated or registered as a foreign corporation in Montana.  *See* Ex. A, ¶ 4.  Plaintiff addressed the summons to Peak's registered agent in Montana.  *See* Ex. A, ¶ 2, Ex. 4, Montana Secretary of State, Entity Details for Peak.  Accordingly, Plaintiff has violated the provisions of Fed. R. Civ. P. (h) by failing to serve a Genesis "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. (h).   Although Plaintiff continues to conflate Genesis and Peak, the two are separate business entities. Plaintiff's complaint should be dismissed for insufficient process and service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

## CONCLUSION

Genesis respectfully requests the Court dismiss Plaintiff's complaint against Genesis with prejudice pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6).  First, Plaintiff has failed to state a claim upon which relief can be granted as a parent corporation cannot be liable for the acts of its subsidiary.  Second, the Court has no personal jurisdiction as Genesis does not do business in Montana.  Third, Plaintiff served the wrong persons and corporations and, accordingly, failed to sufficiently serve Genesis with the summons and complaint. The Court should dismiss Plaintiff's complaint with prejudice.

Dated June 30, 2016.

CROWLEY FLECK PLLP


/s/ Brett P. Clark
Kiely Keane
Brett P. Clark
Charles K. Smith
*Attorneys for Genesis HealthCare, Inc.*

10

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(d)(2)(E) of the Montana United States District Court, I certify that this Brief contains 2,102 words (as counted by Microsoft Word 2013), excluding caption, certificates of service and compliance, is double spaced, typed in Times New Roman, and printed in at least 14 point font.

DATED this 30th day of June, 2016.

CROWLEY FLECK PLLP


/s/ Brett P. Clark
       Kiely Keane
       Brett P. Clark
       Charles K. Smith
       *Attorneys for Genesis HealthCare, Inc.*