Kiely Keane
Marcia Davenport
Brett P. Clark
CROWLEY FLECK PLLP
900 N. Last Chance Gulch, Suite 200
P.O. Box 797
Helena, MT 59624-0797
Telephone:  (406) 449-4165

Charles K. Smith
CROWLEY FLECK PLLP
Thornton Building
65 East Broadway, Suite 400
Butte, MT  59701
Telephone:  (406) 457-2057

*Attorneys for Genesis Healthcare, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | | |
|---|---|---|
| GINA JAEGER, individually, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HER SISTER CHARLENE HILL, | ) ) ) ) | Cause No. CV-16-30-BU-SEH |
| | ) | |
| Plaintiff, | ) ) ) | **GENESIS HEALTHCARE INC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** |
| vs. | ) ) | **PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE** |
| WILLIAM POWELL, DANA WADDELL, AMBER DAYHUFF, PEAK MEDICAL MONTANA OPERATIONS, LLC AND GENESIS HEALTHCARE, INC., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

Genesis Healthcare, Inc. ("Genesis") files this brief in support of its Motion to Dismiss Plaintiff's Amended Complaint with Prejudice.  Plaintiff's claims against Genesis should be dismissed for: (1) failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)); (2) lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)); (3) insufficient process (Fed. R. Civ. P. 12(b)(4)); and (4) insufficient service of process (Fed. R. Civ. P. 12(b)(5)).  For the reasons set forth below, Genesis respectfully requests the Court dismiss Plaintiff's claims against Genesis with prejudice.

## BACKGROUND

On April 21, 2016, Plaintiff filed a Complaint in the Montana Second Judicial District Court, Silver Bow County, against Genesis Healthcare, Inc., d/b/a the Butte Center.  Plaintiff served the Director of the Butte Center, which is owned by Peak Medical Montana Operations, LLC, d/b/a Butte Center ("Peak").  Doc. 12-1, Clark Affidavit, ¶ 2; Ex. 1 attached thereto, April 25, 2016 Summons.  On June 2, 2016, Peak filed an Answer.  In the Answer, Peak denied Plaintiff's allegations and explained the Butte Center is not an assumed name of Genesis.  Doc. 1-1; Ex. B attached thereto, Answer, ¶ 18.  Butte Center is registered with the Montana Secretary of State as an assumed business name of Peak.  Doc. 12-1, Clark Affidavit, ¶ 2; Ex. 2 attached thereto, Montana Principal Information for "Butte Center."

Genesis is a Delaware Corporation with its principal place of business in California.  *Id*. at ¶ 4; Ex. 6 attached thereto, Delaware Entity Details for Genesis; *see also*, Doc. 28, Amend. Compl., ¶ 6.  Peak is a Delaware limited liability company authorized to do business in Montana. [1]  Doc. 12-1, Clark Affidavit, ¶ 2; Ex. 3 attached thereto, Delaware Entity Details for Peak; *see also* Ex. 4 attached thereto, Montana Entity Details for Peak.  Peak, not Genesis, operates the Butte Center, a skilled nursing facility located in Butte, Montana.  *Id.,* ¶ 2; Ex. 2 attached thereto, Montana Principal Information for "Butte Center."

Peak is an indirect subsidiary of Genesis.  *Id.*, ¶ 5.  Genesis is not incorporated in Montana, nor does it have a physical presence in Montana.  Doc. 12-1, Clark Affidavit, ¶ 4.  Genesis does not do business as Peak or as the Butte Center.  *Id.*, ¶ 5.  Despite the fact that Peak, not Genesis, is the entity doing business as Butte Center, Plaintiff mailed to Genesis a Summons and Complaint incorrectly naming "Genesis Healthcare, Inc., d/b/a The Butte Center" as a Defendant on June 6, 2016.  *See Id*., ¶ 3; Ex. 5 attached thereto, June 6, 2016 Summons.

---

[1] Peak changed its business structure from being a corporation to a limited liability company in 2015.  This change in business structure is explained in more detail in Peak's and Genesis's Response to Plaintiff's Amended Motion to Remand, Doc. 24 at 7.

Genesis acknowledged service on June 30, 2016, but noted it was incorrectly identified in the caption.  Doc. 9, Acknowledgement of Service.  Genesis then filed a Motion to Dismiss with Prejudice.  Doc. 12, Mot. to Dismiss.

The Court held a hearing on July 26, 2016, to hear oral argument on the parties' pending motions.  Doc. 25, Hearing Minute Entry.  Following the hearing, the Court issued an Order dismissing Genesis without prejudice and allowing Plaintiff until August 5, 2016, to file an amended complaint.  Doc. 27, Order.  Per the Court's request at the July 25, 2016, hearing, Genesis has attached an affidavit illustrating that there are eight entities between Peak and Genesis.  Ex. A, Fourth Clark Affidavit, ¶ 3.

Plaintiff filed an Amended Complaint on August 2, 2016, naming Genesis as a defendant.  Doc. 28, Amend. Compl.  Plaintiff now alleges Genesis is liable under the doctrine of piercing the corporate veil.  *Id.*, ¶¶ 10-11.  To date, Plaintiff still has not properly served Genesis with a copy of the original Complaint or Amended Complaint.

## <u>ARGUMENT</u>

### I.    PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE DOCTRINE OF PIERCING THE CORPORATE VEIL.

Plaintiff's claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as she has failed to state a claim upon which relief can be granted.  Plaintiff's

complaint is insufficient to support the piercing the corporate veil claim she alleges against Genesis.

Dismissal is appropriate under Federal Rule of Civil 12(b)(6) when there is "either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir.2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990)).  A claim should be dismissed if a plaintiff fails to allege sufficient facts to state a claim to relief that is plausible on its face.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011).

To avoid dismissal, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  A pleader must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, 550 U.S. at 555, 127 S. Ct. at 1965, 167 L. Ed. 2d. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.  As a general rule, well-pled factual allegations are viewed in the light most favorable to the non-moving party. *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004).  A court should not, however, consider factual allegations "outside" the complaint. *Schneider v. California Dept. of Corrections,* 151 F.3d

5

1194, 1197 n.1 (9th Cir. 1998).  Further, "conclusory allegations and unwarranted inferences" are "insufficient to defeat a motion to dismiss." *Johnson v. Lucent Techs. Inc.,* 653 F.3d 1000, 1010 (9th Cir.2011).

Currently Plaintiff raises a piercing the corporate veil argument against Genesis in her Amended Complaint, alleging Genesis exerts control over Peak and Peak is a "mere agent or instrumentality of Genesis."  Doc. 28, Amend. Compl, ¶ 11.  Specifically, she alleges Peak is merely Genesis's alter ego because (1) the two entities share the same address, (2) the two entities operate the same type of business, and (3) Genesis has copyrighted a code of conduct used at the Butte Center.  Even viewing these allegations in a light most favorable to Plaintiff, Plaintiffs' factual and legal allegations are insufficient to raise a claim against Genesis pursuant to Rule 12(b)(6).

It is well established that a parent corporation is not liable for the actions of its subsidiary.  *See United States v. Bennett,* 621 F.3d 1131, 1137 (9th Cir. 2010); *Guschausky v. Am. Family Life Assur. Co. of Columbus*, No. CV 10-59-H-DWM, 2011 WL 1897183, at *2 (D. Mont. May 10, 2011).  Indeed, the United States Supreme Court has stated, "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S.

6

Ct. 1876, 1884, 141 L. Ed. 2d 43 (1998) (quoting Douglas & Shanks, *Insulation from Liability Through Subsidiary Corporations*, 39 Yale L.J. 193 (1929)). "Limited liability is the rule not the exception." *Anderson v. Abbott*, 321 U.S. 349, 362, 64 S. Ct. 531, 537, 88 L. Ed. 793 (1944).

However, a court may hold a parent corporation liable for the actions of its subsidiary under the doctrine of piercing the corporate veil. *Hando v. PPG Indus., Inc.*, 236 Mont. 493, 498, 771 P.2d 956, 960 (1989). The Montana Supreme Court has developed a two-part test for piercing the corporate veil: "(1) [t]he corporation must be a mere agent or alter ego of the parent company; and (2) the corporate cloak must have been used to defeat public convenience, justify wrong, perpetrate fraud, or to defend crime." *Id.*

Under the first part of the test, a corporation "may be the mere agent of a parent company for a particular transaction if the parent company exercises control over the conduct and activities of the subsidiary so that in effect the subsidiary is merely acting on behalf of the parent." *Id.* Alternatively, it may be an "alter ego of the parent corporation if the corporate affairs of both are so intertwined that, in effect, each no longer has a separate identity." *Id.* The Montana Supreme Court had identified several factors to determine whether a subsidiary is a corporation's alter ego:

> The full ownership of a subsidiary, use of the same people as directors and officers in both corporations, and engagement in the same general

7

business enterprise may all be insufficient to indicate the subsidiary is merely an alter ego. Courts also look at such factors as the same type of day-to-day business activities of each corporation, sharing of the same address or name, the commingling of funds, undercapitalization of the subsidiary and failure to maintain separate business records.

*Hando,* 771 P.2d at 960 (internal citations omitted).

In her Amended Complaint, Plaintiff makes three allegations to support her claim for piercing the corporate veil: (1) that Genesis and Peak share the same address, (2) the two entities operate the same type of business, and (3) Butte Center uses a code of conduct copyrighted by Genesis.  Doc. 28, Amend. Compl., ¶ 11. While the Montana Supreme Court has reviewed the first two factors when determining whether to pierce the corporate veil, the Montana Supreme Court has determined these two factors alone—sharing an address and operating the same type of business—are insufficient to "abrogat[e] a corporation's limited liability." *Flemmer v. Ming*, 190 Mont. 403, 409–10, 621 P.2d 1038, 1042 (1980).  Thus, Plaintiff would need to allege that other factors are at play in this matter in order to demonstrate Peak is merely Genesis's alter ego.

The only other allegation Plaintiff makes in her Amended Complaint is that Butte Center uses a code of conduct copyrighted by Genesis.  However, courts have consistently determined that, as a matter of law, a parent supplying a code of conduct for a subsidiary to use does not warrant piercing the corporate veil.  *See Byard v. Verizon W. Virginia, Inc.*, No. 1:11CV132, 2012 WL 1085775, at *12

8

(N.D.W. Va. Mar. 30, 2012) (determining a "Code of Conduct" outlining general corporate policy is a "hallmark[] of an ordinary parent-subsidiary relationship and, without more, cannot justify piercing the corporate veil or establishing personal jurisdiction over a parent corporation"); *DeLia v. Verizon Commc'ns, Inc.*, 258 F.R.D. 189, 192 (D. Mass. 2009) (plaintiff could not support her piercing the corporate veil claim against Verizon Communications, Inc. where she offered "no support for her assertion other than the facts that 1) her pay stubs contained Verizon's logo and 2) Verizon's Code of Conduct expressly applies to its subsidiaries"); *Joiner v. Ryder Sys. Inc.*, 966 F. Supp. 1478, 1485-86 (C.D. Ill. 1996) (parent's "implementation of a safety policy, an environmental policy, a code of conduct, and a code of ethics" did not demonstrate "improper control" justifying the court's piercing the corporate veil, but rather demonstrated "sound business judgment by a parent corporation"); *Fletcher v. Atex, Inc.*, 861 F. Supp. 242, 245 (S.D.N.Y. 1994), aff'd, 68 F.3d 1451 (2d Cir. 1995) (veil piercing inappropriate as "it is entirely appropriate for a parent corporation to approve major. . . policies involving the subsidiary, and for employees of the parent and subsidiary corporations to meet periodically to discuss business matters").  Plaintiff has failed to allege facts sufficient to support a claim under Montana law that Peak merely is Genesis's alter ego.

Further, Plaintiff has pled no facts related to the second part of Montana's test regarding piercing the corporate veil, *i.e.*, that Genesis used its "corporate cloak" to "defeat public convenience, justify wrong, perpetrate fraud, or to defend crime." *Hando*, 236 Mont. at 498, 771 P.2d at 960.  Indeed, "[f]orming subsidiaries to limit liability is not improper, there must be abuse of the corporate form resulting in injustice."  *Signal Peak Energy, LLC v. E. Montana Minerals, Inc.*, 922 F. Supp. 2d 1142, 1150 (D. Mont. 2013).  Without any specific allegations that Genesis used Peak to justify wrong, perpetuate fraud, or defend crime, Plaintiff has, as a matter of law, failed to state a claim against Genesis under the theory of piercing the corporate veil.  Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss.  *Johnson,* 653 F.3d at 1010.

Plaintiff has failed to state a claim against Genesis upon which relief can be granted.  Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   PLAINTIFF'S CLAIM AGAINST GENESIS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

The Court has no personal jurisdiction over Genesis.  This claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."  *Picot v. Weston,* 780 F.3d 1206, 1211 (9th Cir. 2015)

(quoting *Daimler AG v. Bauman,* ––––U.S. ––––, 134 S.Ct. 746, 753, 187 L.Ed.2d

624 (2014)).  The Montana Supreme Court, in *Milky Whey, Inc. v. Dairy Partners,*

*LLC*, 2015 MT 18, ¶ 18, 378 Mont. 75, 342 P.3d 13, outlined a two-step test for

Montana courts to employ when considering whether a court has personal

jurisdiction over a defendant:

> We first determine whether personal jurisdiction exists under
> M. R. Civ. P. 4(b)(1). Personal jurisdiction may exist under Rule
> 4(b)(1) in one of two ways: a party may be found within the state of
> Montana and subject to general jurisdiction, or the claim for relief
> may arise from any of the acts listed in Rule 4(b)(1)(A-G) and create
> specific jurisdiction for the purpose of litigating that particular claim.
> If personal jurisdiction exists under the first step of the test, we then
> determine whether the exercise of personal jurisdiction conforms with
> the traditional notions of fair play and substantial justice embodied in
> the due process clause. If personal jurisdiction does not exist under the
> first part of the test, further analysis under the second part of the test is
> unnecessary.

*Id.* (internal citations omitted).  Montana Rule of Civil Procedure 4(b)(1)

states:

> **(b) Jurisdiction of Persons.**
> (1) *Subject to Jurisdiction*. All persons found within the state of
> Montana are subject to the jurisdiction of Montana courts.
> Additionally, any person is subject to the jurisdiction of Montana
> courts as to any claim for relief arising from the doing personally, or
> through an employee or agent, of any of the following acts:
>> (A) the transaction of any business within Montana;
>> (B) the commission of any act resulting in accrual within
>> Montana of a tort action;
>> (C) the ownership, use, or possession of any property, or of any
>> interest therein, situated within Montana;
>> (D) contracting to insure any person, property, or risk located
>> within Montana at the time of contracting;

11

(E) entering into a contract for services to be rendered or for materials to be furnished in Montana by such person;
(F) acting as director, manager, trustee, or other officer of a corporation organized under the laws of, or having its principal place of business within, Montana; or
(G) acting as personal representative of any estate within Montana.

None of the provisions of Rule 4(b)(1) apply here.   Genesis is a Delaware Corporation with its principal place of business in California.  Doc. 12-1, Clark Affidavit, ¶ 4; Ex. 6 attached thereto, Delaware Entity Details for Genesis; *see also*, Doc. 28, Amend. Compl., ¶ 6.  Genesis has no physical presence in Montana. Doc. 12-1, Clark Affidavit, ¶ 4.  Specifically, Genesis is not registered with the Montana Secretary of State to conduct business in Montana; it does not have an office or other facilities in Montana; it does not have a telephone listing in Montana; it does not have employees in Montana; and it does not own real estate in Montana.  *Id.,* ¶ 6; *see also Bedrejo v. Triple E Canada, Ltd.*, 1999 MT 200, ¶¶ 11-12, 295 Mont. 430, 984 P.2d 739 (stating these are "significant" factors for determining whether general jurisdiction exists).  As personal jurisdiction does not exist under the first step of the Montana Supreme Court's test as set forth in *Milky Whey*, further analysis under the second part of the test is unnecessary.  *Id.*, ¶ 18.

Plaintiff previously filed an Amended Motion to Remand on July 11, 2016. Doc. 16, Amend. Mot. to Remand.  In the Brief in support of that Motion, Plaintiff argued this Court has personal jurisdiction over Genesis under Montana's long-arm

statute.  Doc. 17, Br. in Support of Amend. Mot. to Remand , 3-9.  Plaintiff

conflated Genesis and Peak and argued the Court has jurisdiction over Genesis

because Peak is Genesis's subsidiary.  *Id.*

Genesis responded to Plaintiff's brief on July 25, 2016.  Doc. 24, Resp. to

Amend. Mot. for Remand, 10-12.  Genesis incorporates the arguments from its

July 25, 2016, brief here.  As addressed in Genesis's response brief, "[t]he

existence of a parent-subsidiary relationship is insufficient to establish personal

jurisdiction over Companies."  *Transure, Inc. v. Marsh & McLennan, Inc.*, 766

F.2d 1297, 1299 (9th Cir. 1985).  A court cannot exercise personal jurisdiction

over a parent corporation solely because it could exercise jurisdiction over its

subsidiary.  *Id.*  Genesis and Peak are separate corporate entities.  Contrary to

Plaintiff's allegations, just because the Court has jurisdiction over Peak does not

mean it also has jurisdiction over Genesis.  Peak is not Genesis's alter ego, and, as

addressed above, Plaintiff has not alleged sufficient facts to the contrary.  Plaintiff

has failed to establish that personal jurisdiction exists under Montana's long-arm

statute.  The Court lacks personal jurisdiction over Genesis.

## III.   PLAINTIFF'S CLAIM AGAINST GENESIS SHOULD BE DISMISSED FOR INSUFFICIENT PROCESS AND SERVICE OF PROCESS.

Plaintiff has never properly served Genesis with a summons and/or

complaint in this matter. Plaintiff only has mailed a summons to Peak's agents, but not Genesis. *See* Ex. A, Fourth Clark Affidavit, ¶ 2.

Federal Rule of Civil Procedure 12(b)(4) allows a defendant to move for dismissal for insufficient process. Rule 12(b)(5) "allows a defendant to move to dismiss the action where the service of process of a summons and complaint is insufficient." *Zamora v. I.R.S.*, 15 F.3d 1095 (9th Cir. 1993) (citing Fed. R. Civ. P. 12(b)(5)). A summons must "name the court and the parties" and must "be **directed to the defendant**." Fed. R. Civ. P. 4(a)(1)(A)-(B) (emphasis added). Pursuant to Fed. R. Civ. P. 4(h), a plaintiff must serve a corporation by delivering a copy of the summons of the complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

On June 6, 2016, Plaintiff mailed a summons and complaint to Genesis Healthcare, Inc. which named "Genesis Healthcare, Inc., **d/b/a the Butte Center**" as a Defendant. *See* Doc. 12- 1, Clark Affidavit, ¶ 3, Ex. 5 attached thereto, June 6, 2016 Summons (emphasis added). However, "Butte Center" is not the registered assumed business name of Genesis. The name is registered to Peak. Plaintiff identified the wrong entity and did not correctly direct her summons to Genesis in violation of Fed. R. Civ. P. 4(a).

Further, Plaintiff mailed the service documents to the wrong entity. She sent the summons and complaint to Corporation Service Company at 26 West Sixth Avenue in Helena, Montana 59601. *See* Doc. 12-1, Clark Affidavit, ¶ 3; Ex. 5 attached thereto, June 6, 2016 Summons. Genesis does not have a business address in Montana as it is not incorporated or registered as a foreign corporation in Montana. *See Id.*, ¶ 4. Plaintiff addressed the summons to Peak's registered agent in Montana. *See Id.,* ¶ 2; Ex. 4, Montana Entity Details for Peak. Accordingly, Plaintiff has violated the provisions of Fed. R. Civ. P. 4(h) by failing to serve a Genesis "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). To date, Plaintiff has not served a summons and her original Complaint or Amended Complaint on Genesis as required by the Federal Rules of Civil Procedure.

In the Amended Motion to Remand she filed on July 11, 2016, Plaintiff argued service on Peak was sufficient as Peak is Genesis's subsidiary. Doc. 17, Amend. Mot. to Remand, 9-10. She alleged service on a subsidiary is sufficient for service on a parent. *Id.* However, as Peak and Genesis addressed in their Response to Plaintiff's Motion, under Montana law, service on a subsidiary is insufficient. Doc. 24, Resp. to Amend. Mot. for Remand, 12-16. Genesis incorporates the arguments from Peak and Genesis's Response Brief here. *Id.*

15

"Generally, service on a parent, subsidiary, cosubsidiary, or affiliate of a corporate defendant is not service on the defendant." *Carl Kelley Const. LLC v. Danco Techs.*, 656 F. Supp. 2d 1323, 1336 (D.N.M. 2009); *Delta Constructors, Inc. v. Roediger Vacuum, GmbH*, 259 F.R.D. 245, 249 (S.D. Miss. 2009); *see also United Merch. Wholesale, Inc. v. IFFCO, Inc.*, 51 F. Supp. 3d 249, 260 (E.D.N.Y. 2014) ("Plaintiff was still required to serve process separately on International in order to make International a party to this action."); *In re Crespo*, 475 N.Y.S.2d 319, 323 (N.Y. Sup. Ct. 1984) ("It is hornbook law that service on a subsidiary does not constitute service on a parent corporation . . . "); *U.S. ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 519 (E.D. Pa. 2010) ("[T]he parent-subsidiary relationship alone does not establish agency, making service on one service on the other if the two maintain separate identities").

The Montana Supreme Court likewise has determined service on a subsidiary is insufficient for service on a parent. In *Hadford v. Credit Bureau of Havre, Inc.*, 1998 MT 179, 289 Mont. 529, 962 P.2d 1198, the plaintiff filed an action against Big Sky Billing Service, Inc. ("Big Sky") and obtained default judgment. *Id.*, ¶¶ 5-6. She later sought to apply the judgment to Credit Bureau of Havre, Inc. ("Credit Bureau"), an entity she contended was Big Sky's alter ego. *Id.* The plaintiff argued that service on Big Sky constituted service on Credit Bureau. *Id.*, ¶ 17. The Montana Supreme Court rejected the argument. *Id.* The Court

16

adhered to the "general rule that service on the parent, subsidiary or affiliate of a corporate defendant generally does not constitute service on the defendant." *Id.*, ¶ 19.

The Montana Supreme Court acknowledged an exception described in 62B Am.Jur.2d, *Process*, § 284, p. 977-78, where two entities have "interlocking management" and have "disregarded separate corporate forms." *Hadford*, ¶ 18. But Plaintiff has not provided any evidence of "interlocking management" or disregard of "separate corporate forms." *Id.* As addressed in sections I and II of this brief, Genesis and Peak are separate corporate entities.

To date, Plaintiff still has not served Genesis with either her original Complaint or her Amended Complaint. Plaintiff's Amended Complaint should be dismissed for insufficient process and service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

## CONCLUSION

Genesis respectfully requests the Court dismiss Plaintiff's Amended Complaint against Genesis with prejudice pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). First, Plaintiff has failed to state a claim upon which relief can be granted as Plaintiff has failed to allege sufficient facts to pierce the corporate veil under Montana law. Second, the Court has no personal jurisdiction as Genesis does not do business in Montana. Third, Plaintiff served

the wrong persons and corporations and, accordingly, failed to sufficiently serve Genesis.  Indeed, to date, Plaintiff has not served Genesis with a summons and her original Complaint or her Amended Complaint.  Genesis requests the Court dismiss Plaintiff's Amended Complaint with prejudice.

Dated this 18th day of August, 2016.

CROWLEY FLECK PLLP

/s/ Brett P. Clark
Kiely Keane
Brett P. Clark
Charles K. Smith
*Attorneys for Genesis HealthCare, Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E) of the Montana United States District Court, I certify that this Brief contains 3,985 words (as counted by Microsoft Word 2013), excluding caption, certificates of service and compliance, is double spaced, typed in Times New Roman, and printed in at least 14 point font.

DATED this 18th day of August, 2016.

CROWLEY FLECK PLLP

/s/ Brett P. Clark
Kiely Keane
Brett P. Clark
Charles K. Smith
*Attorneys for Genesis HealthCare, Inc.*